UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JILL BAILEY,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-5161** |
| **PROGRESSIVE COUNTY<br>MUTUAL INSURANCE<br>COMPANY, ET AL.,**<br>    **Defendants** | **SECTION: "E" (3)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss filed by Defendant Direct Connect Logistix, Inc. ("DCL").[1] Plaintiff Jill Bailey filed an opposition.[2] DCL filed a reply.[3]

## BACKGROUND

On August 17, 2022, Plaintiff Bailey filed suit in the 24th Judicial District Court for the Parish of Jefferson asserting claims under Louisiana state negligence law related to personal injury suffered after she was involved in a traffic accident on September 15, 2021.[4] In her state court petition, Plaintiff alleges that Jose Alvarenga Perez negligently operated a motor vehicle when he "improperly turned and struck the side of [Bailey's] vehicle" near the intersection of Westbank Expressway and Barataria Boulevard in Jefferson Parish, Louisiana.[5] Plaintiff seeks to hold Mr. Perez liable for damages resulting from the accident, jointly and *in solido* with Defendants Mascar Group, LLC ("Mascar") and Hector Cordies Torres, the alleged employers of Mr. Perez and alleged owners of the

---

[1] R. Doc. 79.
[2] R. Doc. 84.
[3] R. Doc. 85.
[4] R. Doc. 1-3.
[5] State Court Pet. for Damages, R. Doc. 1-3 at p. 2; Second Amended Complaint, R. Doc. 54 at p. 2.

1

vehicle Mr. Perez operated during the subject accident, and Defendant US Foods, Inc. ("US Foods"), for whom Mr. Perez was allegedly making a delivery at the time of the accident.[6]

On December 8, 2022, the Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[7] While proceeding before this Court, Plaintiff was granted leave on two occasions to file amended complaints.[8] Relevant to the instant Motion to Dismiss, on March 18, 2024, Plaintiff named DCL as a defendant in her Second Amended Complaint.[9] Therein, Plaintiff alleges DCL was "an authorized transportation broker registered with the FMCSA" that "served as the broker that hired and/or connected" Mascar and/or Mr. Perez "to or on behalf of US Foods."[10] Plaintiff asserts claims against DCL for negligently hiring Mascar and/or Mr. Perez due to its failure to properly screen the parties in violation of the applicable Federal Motor Carrier Safety Administration ("FMCSA") regulations.[11]

On June 27, 2024, DCL filed its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff's claims against it are expressly preempted by the Federal Aviation Administration Authorization Act ("FAAAA").[12]

## **LEGAL STANDARD**

Pursuant to Rule 12(b)(6), the trial court may only dismiss a complaint for failure to state a claim upon which relief may be granted if the plaintiff has not set forth factual

---

[6] *See* R. Doc. 1-3; R. Doc. 54. Plaintiff also named State Farm Mutual Automobile Insurance Co. as a defendant in her state court petition, but upon the Plaintiff's voluntary motion, the Court dismissed the party on September 26, 2023. R. Doc. 24.
[7] R. Doc. 1.
[8] R. Docs. 31 & 52.
[9] R. Doc. 54.
[10] *Id.* at pp. 3-4.
[11] *Id.* at p. 6.
[12] R. Doc. 79 (citing 49 U.S.C. § 14501).

allegations in support of his claim that would entitle him to relief.[13] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The Court, however, does not accept as true legal conclusions or mere conclusory statements, and "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[16] Indeed, "threadbare recitals of elements of a cause of action, supported by mere conclusory statements" or "naked assertion[s] devoid of further factual enhancement" are not sufficient.[17]

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]'—that the pleader is entitled to relief."[18] However, "legal conclusions can provide the framework of a complaint, [if] they [are] supported by factual allegations."[19] "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[20] "Although detailed factual allegations are not required," "[d]ismissal is appropriate when the complaint 'on its face show[s] a bar to relief.'"[21]

---

[13] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).
[15] *Id.*
[16] *S. Christian Leadership Conf. v. Sup. Ct. of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).
[17] *Iqbal*, 556 U.S. at 663, 678 (citations omitted).
[18] *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).
[19] *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.
[20] *Iqbal*, 556 U.S. at 679.
[21] *Cutrer v. McMillan*, 308 F. App'x 819, 820 (5th Cir. 2009) (per curiam) (citations omitted).

When a successful affirmative defense, such as preemption, appears on the face of the pleadings, dismissal for failure to state a claim may properly be the subject of a Rule 12(b)(6) motion.[22] A state law claim preempted by federal law fails to state a claim on which relief may be granted because it is not plausible on its face.[23]

## LAW AND ANALYSIS

Defendant DCL urges the Court to dismiss Plaintiff's claims against it pursuant to Rule 12(b)(6) on the grounds that "Plaintiff's claims against DCL are expressly preempted by the plain language of the [FAAAA]," which "prohibit[s] the enforcement of state laws related to a service of any broker with respect to the transportation of property."[24] Congress enacted the FAAAA in 1994 "as part of a greater push to deregulate interstate transportation industries."[25] The FAAAA contains "several provisions barring [] burdensome state regulations,"[26] including 49 U.S.C. § 14501(c)(1) (the "FAAAA Preemption Provision"), which expresses the federal preemption raised by DCL in the instant Motion to Dismiss.[27] The FAAAA Preemption Provision provides:

> States may not enact or enforce a law, regulation, or other provision having the force and effect of law *related to* a price, route, or service of any motor carrier . . . or any motor private carrier, *broker*, or freight forwarder with respect to the transportation of property.[28]

In opposition, Plaintiff Bailey "concedes that her personal injury claims against broker, DCL, are sufficiently 'related to' DCL's services as a broker," and thus "does not

---

[22] *Fisher v. Halliburton*, 667 F.3d 602, 609 (5th Cir. 2012); *Frank v. Delta Airlines, Inc.*, 314 F.3d 195, 203 (5th Cir. 2002); *Kansa Reinsurance Co., Ltd. v. Congressional Mortg. Corp.*, 20 F.3d 1362, 1366 (5th Cir. 1994).
[23] *Fisher*, 667 F.3d at 609; *Frank*, 314 F.3d at 203; *Kansa Reinsurance*, 20 F.3d at 1366.
[24] R. Doc. 79-1 at p. 1.
[25] *Ye v. GlobalTranz Enterprises, Inc.*, 74 F. 4th 453, 457 (7th Cir. 2023).
[26] *Id.*
[27] R. Doc. 79-1 at p. 4.
[28] 49 U.S.C. § 14501(c)(1) (emphasis added).

4

dispute" the FAAAA Preemption Provision applies.[29] Instead, Plaintiff argues "her state law tort claims against DCL are saved from preemption" under the exception set forth in 49 U.S.C. § 14501(c)(2)(A) (the "Safety Regulatory Exception").[30] Under the Safety Regulatory Exception, the FAAAA Preemption Provision:

> [S]hall not restrict the safety regulatory authority of a State with respect to motor vehicles, the authority of a State to impose highway route controls or limitations based on the size or weight of the motor vehicle or the hazardous nature of the cargo, or the authority of a State to regulate motor carriers with regard to minimum amounts of financial responsibility relating to insurance requirements and self-insurance authorization . . . .[31]

Because the parties agree the FAAAA Preemption Provision bars state law negligence claims against brokers like DCL, the Court will consider only whether the Safety Regulatory Exception is applicable to "save" Plaintiff's negligent hiring claims against DCL from federal preemption. While the applicability of the Safety Regulatory Exception to cases like this one is res nova in the Eastern District of Louisiana and the Fifth Circuit, courts interpreting the language of the exception have reached contrary conclusions. DCL asks the Court to follow recent opinions of the Seventh and Eleventh Circuits—*Ye v. GlobalTranz Enterprises, Inc.*, 74 F. 4th 453 (7th Cir. 2023) and *Aspen Am. Ins. Co. v. Landstar Ranger, Inc.*, 65 F.4th 1261 (11th Cir. 2023).[32] The *Ye* and *Aspen* courts held "the plain language of the FAAAA establishes that the [Safety Regulatory Exception] is inapplicable" to state law claims of negligent hiring against brokers.[33] Plaintiff primarily relies on one opinion of the Ninth Circuit—*Miller v. C.H. Robinson*

---

[29] R. Doc. 84 at p. 3.
[30] *Id.*
[31] 49 U.S.C. § 14501(c)(2)(A).
[32] R. Doc. 79-1 at pp. 5-7.
[33] *Id.* (first citing *Ye*, 74 F. 4th 453; then citing *Aspen*, 65 F.4th 1261 (11th Cir. 2023)).

5

*Worldwide, Inc.*, 976 F.3d 1016 (9th Cir. 2020)—which held the Safety Regulatory Exception does apply to state law negligence claims against brokers.[34]

The Court finds *Ye* and *Aspen* are most instructive on the applicability of the Safety Regulatory Exception to state law negligent hiring claims. Because the Safety Regulatory Exception precludes the FAAAA from "restrict[ing] the safety regulatory authority of a State *with respect to* motor vehicles," the applicability of the exception to this case turns on whether a broker's hiring practices are sufficiently within the State's regulatory authority "with respect to motor vehicles."[35] The *Ye* court analyzed the phrase "with respect to" through the lens of Supreme Court precedent construing the phrase to narrowly mean "concerns" or "concerning."[36] That court ultimately determined the phrase "massively limits the scope" of the Safety Regulatory Exception to require a "direct link between a state's law and motor vehicle safety."[37] Similarly, the *Aspen* court interpreted the phrase "with respect to motor vehicles" to limit the exception's application to "state laws that have a *direct* relationship to motor vehicles."[38] Conversely, the *Miller* court interpreted the phrase more broadly, concluding "with respect to" is "synonymous" with "relating to."[39]

This Court agrees with the *Ye* court that, given Congress's choice to use "relating to" in the FAAAA Preemption Provision, its use of "with respect to" in the Safety Regulatory Exception "implies a different scope."[40] Further, as discussed in *Ye*, brokers are not mentioned in § 14501(c)(2)(A), even though Congress explicitly listed broker

---

[34] R. Doc. 84 at pp. 3-4 (citing *Miller*, 976 F.3d 1016 (9th Cir. 2020)).
[35] 49 U.S.C. § 14501(c)(2)(A).
[36] *Ye*, 74 F.4th at 460, 465 (citing *Dan's City Used Cars, Inc. v. Pelkey*, 569 U.S. 251, 256 (2013)).
[37] *Id.* (citing *Pelkey*, 569 U.S. at 256).
[38] *Aspen*, 65 F.4th at 1271.
[39] *Miller*, 976 F.3d at 1030.
[40] *Ye*, 74 F.4th at 465.

6

services in the FAAAA Preemption Provision, which suggests the omission of brokers from the Safety Regulatory Exception was intentional.[41] Accordingly, in lieu of the Ninth Circuit's broad construction of the Safety Regulatory Exception, this Court will adopt the Seventh and Eleventh Circuit's construction of the exception, narrowly construing its application to foreclose federal preemption on state laws "concerning" or "with a direct relationship to" motor vehicles. Because there is no direct link between motor vehicle safety and DCL's alleged negligent hiring by failing to properly screen Mascar and/or Mr. Perez in its capacity as a transportation broker, the Court finds the Safety Regulatory Exception does not exempt the claim in this case from the FAAAA Preemption Provision. The relationship between DCL's alleged negligence and any motor vehicle is simply too attenuated to fall within the Safety Regulatory Exception.[42]

Because Plaintiff's state law negligent hiring claims are preempted by the FAAAA Preemption Provision, Plaintiff fails to state a claim against DCL upon which relief may be granted.

Accordingly;

## **CONCLUSION**

**IT IS ORDERED** that Defendant DCL's motion to dismiss is **GRANTED**.[43]

---

[41] *Id.* at 461. *See Barnhart v. Sigmon Coal Co., Inc.*, 534 U.S. 438, 452 (2002) ("[I]t is a general principle of statutory construction that when Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotations and citation omitted)).

[42] *See, e.g., Ye*, 74 F.4th at 461-62 ("[T]he connection here—between a broker hiring standard and motor vehicles—is too attenuated to be saved under § 14501(c)(2)(A)."); *Morales v. OK Trans, Inc.*, 19-94, 2024 WL 3223675, at *5 (S.D. Tex. May 29, 2024) (finding the safety regulatory exception did not apply and finding the FAAAA preemption provision preempted plaintiffs' negligent brokering claim); *Gillum v. High Standard, LLC*, 19-1378, 2020 WL 444371, at *5 (W.D. Tex. Jan. 27, 2020) (finding negligent hiring claim did not fall within the exception when defendant did not own or operate any vehicle subject to the state's regulatory authority).

[43] R. Doc. 79.

**IT IS FURTHER ORDERED** that Defendant DCL's motion to stay discovery pending resolution of the Motion to Dismiss is **DENIED AS MOOT**.<sup>44</sup>

**New Orleans, Louisiana, this 16th day of August, 2024.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

<sup>44</sup> R. Doc. 80.